UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Travis Scott McCall, Sr., | ) | C/A No. 6:26-cv-00056-JDA-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| James E. Hudson, Greenville County Detention Center, Greenville County, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this civil action under 42 U.S.C. § 1983, alleging Defendants violated his rights under the United States Constitution. Plaintiff is a pretrial detainee and is currently incarcerated at the Greenville County Detention Center ("GCDC"). Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review the pleadings and submit findings and recommendations to the District Court. For the reasons below, this action is subject to summary dismissal.

## BACKGROUND

**Factual Allegations**

Plaintiff makes the following allegations in the Complaint. ECF No. 1. Plaintiff asserts his rights under the Fourth and Fourteenth Amendments have been violated in that he was subjected to deprivation of his liberty without due process, malicious prosecution, excessive bail, fabrication of evidence, and denial of access to the courts. *Id.* at 4. Plaintiff contends he was arrested without jurisdiction or warrant, he was held without a preliminary hearing, his assertions of rights have not been acknowledged, and he has been denied a speedy trial. *Id*. Plaintiff contends

1

deputies arrested him without cause and used excessive force after Plaintiff asserted his rights and the officers lacked jurisdiction. *Id*. at 5.  Plaintiff informed Defendant James Hudson ("Hudson") of these events and asked him to review the matter, but Hudson continued "the deprivation of liberty in excess of all jurisdiction." *Id*.  Plaintiff contends that Deputies Fekete, Flemming, and Moore seized him illegally after running his name, even though he had no outstanding warrants, and made unfounded accusations that Plaintiff was grossly intoxicated. *Id*.  Those Deputies used excessive force to arrest Plaintiff and fabricated evidence by omitting tests for blood alcohol levels, all while Hudson "turn[ed] a blind eye" to the situation. *Id*.

For his injuries, Plaintiff alleges he suffered 3 loose teeth from being punched and kicked in the face, his shoulder was damaged from being lifted by handcuffs, his hip was damage from being pulled from his car, he suffered public embarrassment from his pants being pulled down, a taser prong was removed at the scene, but he has not received any follow up exams. *Id*. at 6. Plaintiff contends that he has lost time and revenue due to his continued incarceration and the wrongful initiation of prosecution.  For his relief, Plaintiff asserts as follows:

> Show cause hearing, preliminary hearing, *Franks* hearing.  I've had none since 9/18/25.  This is a clear due process violation. Preliminary injunction.  PR bond.  Car returned to me from diversified towing.  Preferably dismissed for lack of timely due process.

*Id.*

**Plaintiff's State Court Charges**

The Court takes judicial notice[1] that Plaintiff has been charged with the following crimes that are pending in the Greenville County Court of General Sessions: (1) public disorderly conduct

---

[1] *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v.*

at case number 2025A2330209370; (2) possession of marijuana at case number 2025A2330209371; (3) assault and battery, third degree at case number 2025A2330209372; (4) possession of other controlled substance at case number 2025A2330209375; and (5) resisting arrest at case number 2025A2330209376.  *See* Greenville County Thirteenth Judicial Circuit Public Index, available at https://publicindex.sccourts.org/Greenville/PublicIndex/PISearch.aspx (search by case numbers listed above) (last visited Jan. 8, 2026).

**Plaintiff's Other Federal Court Cases**

This is the fifth action filed in this Court in the span of two months related to the same underlying incidents.

First, Plaintiff filed an action pursuant to 42 U.S.C. § 1983 against Scotty Bodiford and Judge Hudson asserting claims of unlawful arrest, false imprisonment, and excessive force at case number 25-cv-13422.  That action was dismissed on January 5, 2026.  *See McCall v. Bodiford*, C/A No. 6:25-cv-13422-JDA-WSB (D.S.C.), ECF No. 19 (adopting Report and Recommendation at ECF No. 15).

Second, Plaintiff filed an action pursuant to 28 U.S.C. § 2241 seeking habeas relief related to his claims that he was illegally seized, unlawfully arrested, and subjected to fabricated evidence at case number 25-cv-13452.  That action was dismissed on January 5, 2026.  *See McCall v. Bodiford*, C/A No. 8:25-cv-13452-JDA-WSB (D.S.C.), ECF No. 14 (adopting Report and Recommendation at ECF No. 11).

---

*Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

Third, Plaintiff filed an action pursuant to 42 U.S.C. § 1983 against Fekete, Flemming, and Moore asserting claims of excessive force, malicious prosecution, and unlawful search and seizure at case number 25-cv-13521. That action was authorized for service on November 25, 2025. Defendants filed an Answer on December 22, 2025, and the action remains pending.

Fourth, Plaintiff filed an action pursuant to 42 U.S.C. § 1983 against Isaac McKenzie, Juan Olalde, and an Unknown Officer asserting claims of unlawful arrest, false imprisonment, and excessive force at case number 25-cv-13952. That action was recommended for summary dismissal on December 31, 2025, and the Report and Recommendation has not yet been ruled on by the district judge.

All four of these prior cases involved claims arising from the same incident resulting in Plaintiff's arrest on or about September 18, 2025, which forms the basis for Plaintiff's claims in the present action.

## STANDARD OF REVIEW

**Review and Liberal Construction of *Pro Se* Filings**

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, which authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c) and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court would still be charged with screening Plaintiff's lawsuit to identify cognizable claims or dismiss the Complaint if (1) it is frivolous, malicious, or

fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

Because Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Although the Court must liberally construe the *pro se* pleadings and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As noted, although the Court must liberally construe the pro se complaint, a plaintiff must do more than make conclusory statements to state a claim for relief. *See Iqbal*, 556 U.S. at 677; *Twombly*, 550 U.S. at 555. Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79; *see also Adams v. Rice*, 40 F.3d 72, 74–75 (4th Cir. 1994) (explaining that, although the court must liberally construe the pro se complaint, a plaintiff must do more than make mere conclusory statements to state a claim); *White v. White*, 886 F.2d 721, 723–74 (4th Cir. 1989) (dismissing complaint dismissed because it "failed to contain any factual allegations tending to support his bare assertion"). Thus, although a plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. *Bass v. DuPont*, 324 F.3d 761, 765 (4th Cir. 2003).

**Requirements to State a Claim under 42 U.S.C. § 1983**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or

laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## DISCUSSION

Upon consideration of Plaintiff's submitted pleadings, the claims presented are subject to dismissal. Further, because Plaintiff has already asserted these same claims in prior actions, the undersigned recommends that this action be dismissed without leave to amend.

**Defendants Entitled to Dismissal**

The Defendants named in this action are entitled to summary dismissal. To state a claim for relief pursuant to 42 U.S.C. § 1983, Plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a *person* acting under the color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### *Hudson*

Hudson, who is identified as a magistrate judge of Greenville County, is immune from suit. ECF No. 1 at 2. It is well-settled that judges have immunity from claims arising out of their judicial actions. *Mireless v. Waco*, 502 U.S. 9, 12 (1991); *Murphy v. Ross*, C/A No. 3:14-cv-870, 2015 WL 1787351, at *2 (E.D. Va. Apr. 15, 2015) ("It is beyond dispute that judicial officers may not be held liable for an award of money damages if they have acted within their jurisdiction." (collecting cases)). Judicial immunity is a protection from suit, not just from ultimate assessment of damages, and such immunity is not pierced by allegations of corruption or bad faith. *Id.* at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all

jurisdiction.'") (citation omitted).  Plaintiff uses the phrase "in excess of all jurisdiction" in his allegations against Hudson.  ECF No. 1 at 5.  However, Plaintiff is required to plead facts, not merely recite a catch phrase or legal conclusions, "to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. 570 (2007); *see, e.g.*, *Lemon v. Hong*, C/A No. ELH-cv-16-979, 2016 WL 2347976, at *3 (D. Md. May 3, 2016) (finding the plaintiff's claim that a judge acted in clear absence of all jurisdiction was unsupported by facts to establish a claim that was plausible to overcome judicial immunity), *aff'd*, 671 F. App'x 79 (4th Cir. 2016); *Emiabata v. Warren*, C/A No. 5:24-cv-245-FL, 2024 WL 3843053, at *2 (E.D.N.C. July 2, 2024) (finding judicial immunity applied to bar claims against a judge and discussing whether the allegations presented were sufficient to establish the judge "acted without subject matter jurisdiction" and concluding the allegations failed to rise to the level of plausible), *R&R adopted by* 2024 WL 4886462 (E.D.N.C. Nov. 25, 2024), *aff'd*, No. 25-1059, 2025 WL 1683452 (4th Cir. June 16, 2025); *Dalenko v. Stephens*, 917 F. Supp. 2d 535, 550 (E.D.N.C. 2013) (finding judicial immunity applied, even though "Plaintiff vehemently argues that these state court judges acted in the complete absence of jurisdiction," because Plaintiff failed to present allegations that the judges' actions were performed in the clear absence of all jurisdiction).

Because Plaintiff's factual allegations against Hudson relate to his judicial actions in evaluating issues of bond and probable cause, he is entitled to absolute immunity.  Accordingly, Hudson is subject to dismissal.  *Jackson v. Hayes*, C/A No. 4:20-cv-1441-SAL-KDW, 2020 WL 4550482, at *2 (D.S.C. July 7, 2020) (finding claims against a judge related to setting of bond were subject to dismissal based on judicial immunity), *R&R adopted by* 2020 WL 4548412 (D.S.C. Aug. 6, 2020).

***GCDC***

GCDC is also entitled to summary dismissal.  A defendant in a § 1983 action must qualify as a "person."  *Harden*, 27 F. App'x at 178.  GCDC is a facility or building and, as such, is not subject to suit because it cannot be sued as a "person" in a § 1983 lawsuit.  *See e.g.*, *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."); *Morrison v. Greenville Cnty. Det. Ctr.*, C/A No. 4:17-cv-2657-JMC-TER, 2017 WL 7732598, at *3 (D.S.C. Oct. 10, 2017), *R&R adopted by* 2018 WL 936383 (D.S.C. Feb. 16, 2018).  Police departments, buildings, and correctional institutions usually are not considered legal entities subject to suit.  *See Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-cv-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that a building—the detention center—is not amenable to suit under § 1983 and that Food Service Supervisors was a group of people not subject to suit); *see also Post v. City of Fort Lauderdale*, 750 F. Supp. 1131, 1132 (S.D. Fla. 1990) (dismissing city police department as improper defendant in § 1983 action because it was not a "person" under the statute); *Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (dismissing police department as party defendant because it was merely a vehicle through which city government fulfills policing functions).  Accordingly, GCDC is not a proper party to this action under § 1983.

***Greenville County***

Greenville County is entitled to dismissal because Plaintiff makes no substantive allegations against it in the body of the Complaint.  *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."); *Newkirk v. Circuit Court of City of Hampton*, C/A No. 3:14-

cv-372-HEH, 2014 WL 4072212, at *2 (E.D. Va. Aug. 14, 2014) (finding the complaint was subject to summary dismissal where plaintiff made no factual allegations against the named defendants within the body of the pleading). In the absence of substantive allegations of wrongdoing against Greenville County, the Court is unable to liberally construe any type of plausible cause of action arising from the Complaint against it. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (explaining statute allowing dismissal of in forma pauperis claims encompasses complaints that are either legally or factually baseless); *Weller*, 901 F.2d at 389 n.2 (finding dismissal proper where there were no allegations to support claim).

Further, although Greenville County is not an individual, it can be sued under § 1983 for violation of a federal right pursuant to *Monell v. Department of Social Services,* 436 U.S. 658, 690 (1978) (finding local governments are "persons" for purposes of § 1983 liability). Municipal liability is based on the execution of a governmental policy or custom and a local government may not be held liable under § 1983 based on a *respondeat superior* theory. *Monell*, 436 U.S. at 690–91. The fact that a municipality employs an individual, and that individual violated a plaintiff's constitutional right, is alone insufficient to establish liability for the municipality. *Id.* at 691. Instead, a plaintiff must identify a municipal "policy" or "custom" that caused the plaintiff's injury. *Bd. of Cnty. Commissioners v. Brown,* 520 U.S. 397, 403 (1997). The Complaint fails to identify a policy or custom of Greenville County which caused his federal rights to be violated, and he therefore fails to state a claim for municipal liability. *Wambach v. Wright*, C/A No. 1:10-cv-2912-HFF-SVH, 2011 WL 1597660, at *4 (D.S.C. Feb. 7, 2011), *R&R adopted by* 2011 WL 1595171 (D.S.C. Apr. 27, 2011). The claims in the Complaint are premised on due process violations and excessive use of force. Plaintiff has not alleged facts showing that any of the County's policies led to violations of his due process rights or the use of force. *Sage v. Spartanburg Cnty. Det. Ctr.*,

C/A No. 8:23-cv-00317-TMC-JDA, 2023 WL 3794202, at *3 (D.S.C. Mar. 29, 2023) ("A municipality is responsible only when the execution of its policy or custom—made by its lawmakers or individuals whose acts 'may fairly be said to represent official policy'—inflicts injury."), *R&R adopted by* 2023 WL 3791110 (D.S.C. June 2, 2023). For these reasons, Plaintiff's cursory allegations fail to establish a claim against Greenville County, and it is therefore entitled to dismissal from this action. *See Boyd v. Spartanburg Cnty.*, C/A No. 7:23-cv-02478-BHH-JDA, 2023 WL 4602110, at *4 (D.S.C. June 27, 2023) (dismissing Spartanburg County and finding "[w]hen the alleged constitutional deprivation is not an official act of a municipality, relief under § 1983 must be sought against the officer in his individual capacity" and not against the municipality), *R&R adopted by* 2023 WL 4601019 (D.S.C. July 18, 2023).

### *Younger* Abstention

The allegations in the Complaint are essentially a challenge to Plaintiff's underlying charges and present incarceration at the Greenville County Detention Center. Plaintiff asserts that he was unlawfully arrested and asks that his charges be dropped and/or to be release on a PR bond. Such claims are not properly before this Court based on the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). Granting Plaintiff's requested relief would require this Court to interfere with or enjoin a pending state court criminal proceeding against Plaintiff. Because a federal court may not award relief that would affect pending state proceedings absent extraordinary circumstances, this Court should abstain from interfering with the state court proceedings.

In *Younger*, the Supreme Court of the United States of America held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (internal

11

quotation marks omitted).  The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief.  *Younger*, 401 U.S. at 43–44; *see Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013) (explaining the circumstances when *Younger* abstention is appropriate).

From *Younger* and its progeny, the United States Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "[1] there are ongoing state judicial proceedings; [2] the proceedings implicate important state interests; and [3] there is an adequate opportunity to raise federal claims in the state proceedings."  *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citation omitted).  Plaintiff is involved in ongoing state criminal proceedings related to the claims at issue in this case, and Plaintiff asks this Court to award relief for alleged constitutional violations; thus, the first element is satisfied.  The second element is satisfied because the Supreme Court has explained "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."  *Kelly v. Robinson*, 479 U.S. 36, 49 (1986).  The third element is also satisfied, as the Supreme Court has noted "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights."  *Gilliam*, 75 F.3d at 903 (citation omitted).

A ruling in Plaintiff's favor in this case would call into question the validity of the state court criminal proceedings against him and would significantly interfere with those ongoing state proceedings.  *See Younger*, 401 U.S. at 43–45; *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 52 (4th Cir. 1989) ("[F]ederal courts should abstain from the decision of constitutional challenges to state action, however meritorious the complaint may be, 'whenever [the] federal

claims have been or could be presented in ongoing state judicial proceedings that concern important state interests.'") (citation omitted); *Washington v. Tilton*, C/A No. 2:10-cv-997-HFF-RSC, 2010 WL 2084383, at *1 (D.S.C. May 19, 2010).

**This Action is Duplicative**

As noted above, this is the fifth action filed by Plaintiff asserting similar claims arising from the events of September 18, 2025. The action filed at case number 25-13521, which asserted claims for excessive force against Fekete, Flemming, and Moore, was authorized for service and remains pending. The actions at case numbers 25-13422, 25-13452, and 25-13952 were recommended for summary dismissal because Plaintiff's claims pertaining to his unlawful arrest and incarceration are without merit. The present action is a duplicate of those prior actions and is thus subject to dismissal on that basis. *Phagan v. Gurney*, C/A No. 8:18-cv-894-TMC, 2018 WL 3640383, at *2 (D.S.C. Aug. 1, 2018).

Because the present action is duplicative of Plaintiff's other cases, which were already addressed and either served or recommended for dismissal by this Court, this action warrants dismissal. "[R]epetitious litigation of virtually identical causes of action may be dismissed under 28 U.S.C. § 1915 as frivolous." *Paul v. de Holczer*, C/A No. 3:15-cv-2178-CMC-PJG, 2015 WL 4545974, at *6 (D.S.C. July 28, 2015) (holding that "the instant Complaint should be summarily dismissed as a frivolous duplicate filing in the interest of judicial economy and efficiency"), *affirmed*, 631 F. App'x 197 (4th Cir. February 4, 2016); *see also Cox v. Cartledge*, C/A No. 3:13-cv-481-TMC, 2013 WL 1401684 (D.S.C. March 13, 2013), *R&R adopted by* 2013 WL 1401674 (D.S.C. April 8, 2013) (same). "Because district courts are not required to entertain duplicative lawsuits, they may dismiss such suits as frivolous pursuant to § 1915(e)." *Cottle v. Bell*, 229 F.3d 1142, 2000 WL 1144623, *1 (4th Cir. Aug.14, 2000).

Although the caption names different Defendants in this action than the prior actions, that distinction does not alter the Court's conclusion.[2]  *Id.* ("Generally, a lawsuit is duplicative of another one if the parties, issues and available relief do not significantly differ between the two."); *Davis v. Colleton Cnty. Memorial Library*, C/A No. 2:17-cv-2948-PMD-MGB, 2018 WL 2170338 (D.S.C. Apr. 12, 2018), *R&R adopted by* 2018 WL 2149309 (D.S.C. May 10, 2018) (dismissing as frivolous and duplicative an action which differed from a previously filed action only in its caption).  Accordingly, as a duplicative filing, the present case is frivolous and subject to summary dismissal.  *See Cabbagestalk v. McFadden*, C/A No. 5:14-cv-4690-RMG-KDW, 2014 WL 11511730, at *2 (D.S.C. Dec. 29, 2014) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time.  Once was sufficient.") (quoting *Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970)), *R&R adopted by* 2015 WL 11109877 (D.S.C. Jan. 16, 2015).

**Failure to State a Claim**

Plaintiff's pleadings fail to allege facts to state a claim for relief.  Plaintiff's allegations are insufficient to establish any claim for the reasons below.

*Unlawful Arrest and False Imprisonment*

This action appears to be premised on Plaintiff's assertions that he was wrongfully arrested and is being falsely imprisoned.  Plaintiff's allegations are construed as asserting violations of the Fourth Amendment for an unlawful search and seizure resulting in his arrest.  "When an unreasonable seizure, arrest or prosecution is alleged, such a claim is governed by the Fourth Amendment."  *Grant v. Berkeley Cnty. Sheriff's Off.*, C/A No. 2:24-cv-4262-RMG-MHC, 2024

---

[2] Plaintiff previously named Hudson in his action at case number 25-cv-13422.

WL 4291416, at *4 (D.S.C. Sept. 6, 2024), *R&R adopted by* 2024 WL 4286217 (D.S.C. Sept. 25, 2024). The Fourth Amendment protects "against unreasonable searches and seizures." U.S. Const. amend. IV. To establish a § 1983 claim based on a Fourth Amendment violation for false arrest or false imprisonment, a plaintiff must show that a seizure was effected without probable cause. *See Massey v. Ojaniit*, 759 F.3d 343, 356 (4th Cir. 2014); *Brown v. Gilmore*, 278 F.3d 362, 367 (4th Cir. 2002); *Rogers v. Pendleton*, 249 F.3d 279, 294 (4th Cir. 2001); *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183 (4th Cir. 1996). Thus, there is no § 1983 claim for false arrest, false imprisonment, or malicious prosecution unless the officer lacked probable cause.[3] *See Street v. Surdyka*, 492 F.2d 368, 372–73 (4th Cir. 1974).

Plaintiff has not alleged facts showing that he was arrested without probable cause. Further, a review of the Public Index shows that Plaintiff was arrested pursuant to warrants on each of the charges pending against him. Plaintiff has not alleged any substantive deficiencies with the probable cause supporting any warrants. *See Decina v. Horry Cnty. Police Dep't*, 557 F. Supp. 3d 716, 730 (D.S.C. 2021) (discussing requirements for a facially valid arrest warrant supported by probable cause), *aff'd*, No. 21-2171, 2023 WL 2136376 (4th Cir. Feb. 21, 2023).

---

[3] "The difference between a false arrest claim and a malicious prosecution claim is significant, as each requires different elements to determine whether the defendant complied with the Fourth Amendment. To establish a § 1983 claim for false arrest in violation of the Fourth Amendment, a plaintiff must show the seizure of his person was unreasonable—*i.e.*, he must show that he was arrested without probable cause." *Burns v. Lott*, C/A No. 3:21-cv-3710-MGL-PJG, 2023 WL 6164347, at *4 (D.S.C. May 22, 2023) (citing *Rogers v. Pendleton*, 249 F.3d 279, 294 (4th Cir. 2001)), *R&R adopted by* 2023 WL 6161985 (D.S.C. Sept. 21, 2023). "Allegations that an arrest made pursuant to a warrant was not supported by probable cause, or claims seeking damages for the period after legal process issued—e.g., post-indictment or arraignment—are considered a § 1983 malicious prosecution claim." *Humbert v. Mayor & City Council of Baltimore City*, 866 F.3d 546, 555 (4th Cir. 2017) (quoting *Brooks v. City of Winston-Salem*, 85 F.3d 178, 182 (4th Cir. 1996)) (internal quotation marks and alteration omitted).

To the extent that Plaintiff's allegations are construed as a claim for malicious prosecution, any such claim also fails. To state a constitutional claim for malicious prosecution, "a plaintiff must allege that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012). As to the favorable termination element, the United States Supreme Court recently explained that

> a Fourth Amendment claim under § 1983 for malicious prosecution does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence. A plaintiff need only show that the criminal prosecution ended without a conviction.

*Thompson v. Clark*, 596 U.S. 36, 49 (2022). Plaintiff has not alleged facts showing that the criminal proceedings ended without a conviction. Plaintiff remains incarcerated on the charges of which he complains, and he seeks relief related to those charges pending against him. As such, any malicious prosecution claim fails.

### *Excessive Force*

Plaintiff makes various references to excessive force and identifies Fekete, Fleming, and Moore as the responsible officers. ECF No. 1 at 5–6. However, Plaintiff has not named those officers in this action. Further, Plaintiff has already asserted claims against those three officers for excessive force in his action at case number 25-13521. As explained above, to the extent Plaintiff is again asserting claims for excessive force against those three officers, this action is subject to dismissal as duplicative. As to the Defendants named in this present action, Plaintiff has not alleged facts showing they engaged in any use of force against him.

16

*All Other Claims*

To the extent Plaintiff intended to assert any other claim not addressed above, the allegations fail to state a claim for relief as he does nothing more than present conclusory allegations and legal conclusions. *Est. of Green v. City of Annapolis*, 696 F. Supp. 3d 130, 166 (D. Md. 2023) ("The presence, however, of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support a finding of deliberate indifference."). Plaintiff must allege more than mere cursory assertions to state a plausible claim for relief. *See Griffith v. State Farm Fire and Cas. Co.*, C/A No. 2:12-cv-00239-DCN, 2012 WL 2048200, at *1 (D.S.C. June 6, 2012) (finding that the plausibility standard requires more than "'an unadorned, the-defendant-unlawfully-harmed-me accusation.'" (quoting *Iqbal*, 556 U.S. at 678)). "Plaintiff's cursory allegations fail to state an actionable § 1983 claim . . ." *Branch v. Anderson Cnty. Det. Ctr.*, C/A No. 2:24-cv-00851-JFA-MGB, 2024 WL 4981587, at *4 (D.S.C. Oct. 18, 2024), *R&R adopted by* 2024 WL 4973401 (D.S.C. Dec. 4, 2024); *see also Hamilton v. United States*, C/A No. 2:20-cv-1666-RMG-MHC, 2020 WL 7001153, at *4 (D.S.C. Aug. 26, 2020) (finding claims frivolous where, other than naming defendants in the caption of her complaint, plaintiff failed to include sufficiently clear allegations of any personal conduct or wrongdoing in connection with the alleged federal violations), *R&R adopted by* 2020 WL 5939235 (D.S.C. Oct. 7, 2020); *Garner v. Cohen*, C/A No. 2:16-cv-561-TLW-MGB, 2016 WL 9175627, at *4 (D.S.C. Sept. 1, 2016) (finding the complaint's "vague references to [*pro se*] Plaintiff's rights being violated, absent any specific facts or allegations against the Defendants, [were] wholly insufficient to state any sort of plausible claim"), *R&R adopted by* 2017 WL 2645754 (D.S.C. June 20, 2017); *Adams v. Rice*, 40 F.3d 72, 74 (4th

Cir. 1994) (explaining that a *pro se* plaintiff "must meet certain minimum standards of . . . specificity" in filing a complaint).

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned recommends that the district court **DISMISS** this action without leave to amend and without issuance and service of process.

**IT IS SO RECOMMENDED**.

s/William S. Brown
United States Magistrate Judge

January 9, 2026
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Suite 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).